**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGEL MUNIZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:10-CV-2635 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| C.O. SULLIVAN, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

In this civil action, plaintiff Angel Muniz, a former inmate incarcerated at the Schuylkill County Prison, has sued a number of the prison's correctional officers, alleging that they used or facilitated the use of excessive force against him during an incident that occurred on May 28, 2010.[1]  Plaintiff has filed three separate motions seeking to compel defendants to produce discovery in this case. (Docs. 36, 38, and

---

[1] Defendants include Correctional Officers Eugene Berdanier, Tim Doyle, Brian Gotshall, Frank Hannis, Michael Menne, David Wapinsky, Jack Yeager, and Mark Sullivan.  Counsel has entered an appearance on behalf of all defendants with the exception of C.O. Mark Sullivan. With respect to this last defendant, counsel has represented that at the time of service, Mark Sullivan was no longer employed at the prison, and had enrolled on active duty with a branch of the United States military, stationed at Fort Jackson, South Carolina.  It is unclear whether plaintiff has served Mr. Sullivan in a manner authorized under Rule 4 of the Federal Rules of Civil Procedure.  To date, no counsel for Mr. Sullivan has entered an appearance in this action, and Mr. Sullivan has not responded to the complaint and allegations against him.

39) The Court entered an order setting forth a briefing schedule with respect to each of the motions. (Doc. 40) Notwithstanding this order, plaintiff has only filed one brief that appears to be offered only in support of his motion to compel defendant Berdanier to respond more fully to three specific interrogatories. (Doc. 45) Defendants have filed a brief opposing this particular motion (Doc. 50) On November 7, 2011, plaintiff filed a reply brief in further support of his motion to compel defendant Berdanier's responses to the interrogatories. (Doc. 54) Neither party has filed a brief addressing either of the other two motions to compel. Accordingly, based on the limited briefing we have received, we find that plaintiff's motion to compel further responses from defendant Berdanier is now ripe for disposition, and for the reasons that follow will be granted in part. Specifically, the Court will direct the defendants to produce documents responsive to the three interrogatories that are the subject of that particular motion for *in camera* review. Following this review, the Court will make a determination as to whether the responsive materials are properly discoverable in this action.

With respect to plaintiff's remaining two motions (Docs. 36, 38), we find that these motions are not properly ripe for disposition, because plaintiff has failed to file a timely brief in support of either motion explaining the legal basis for the relief sought. Although a plaintiff's failure to file a brief in support of a motion ordinarily

would permit this Court to find the motion to have been withdrawn, see Local Rule 7.5, in this case we will endeavor to give plaintiff one final opportunity to support these motions with properly filed briefs. Provided that plaintiff files briefs in support of these motions, we will permit further briefs in accordance with the Local Rules of this Court, and we will thereafter rule on each of the motions. In the event plaintiff fails to file briefs in support of the motions in accordance with the instructions in this order, the motions will be deemed withdrawn without further notice.

## II.     SUMMARY OF THE PENDING MOTION (Doc. 39)

As noted, the gravamen of plaintiff's complaint is that the defendants subjected him to excessive force during an incident at the prison on May 28, 2010. Plaintiff has also alleged that defendant Mark Sullivan was later terminated for misconduct, and plaintiff has suggested that defendant Sullivan had a history of using excessive force against inmates at the prison. Indeed, it appears plaintiff has indicated that defendant Sullivan may have been fired for an incident involving the use of excessive force against another inmate at the prison that occurred in June or July 2010. Accordingly, as part of his discovery requests, plaintiff has propounded interrogatories on defendant Berdanier specifically seeking information about investigations into allegations against Mark Sullivan's conduct while he was employed at the prison, including the

results of any formal investigation into allegations that Mr. Sullivan had assaulted inmates.

Defendants have responded, in part, to this discovery but they have resisted responding fully to some of the requests, arguing either that the discovery is irrelevant, seeks information about an individual who has not properly been made a party to this action, or otherwise seeks evidence that would be inadmissible at trial. (Doc. 50.)

Plaintiff now seeks to compel further responses to the following interrogatories that were propounded upon defendant Berdanier:

> 10. In the reprimand/firing of Mark Sullivan what did your Investigation reveal?
>
> 11. Who were victim, witnesses, medical staff and Law enforcement involved with the assault by Mark Sullivan on inmate in medical cell on June or July 2010?
>
> 20. Did the victim of the assault by Sullivan when he was reprimanded/fired, file criminal charges, grievances, lawsuit?

Defendants objected to these interrogatories directed at defendant Berdanier

> to the extent the discovery sought relates to parties who have not been served with a complaint, individuals who are not parties to this action or instances other than the May 28, 2010 incident which is the subject matter of this action on the ground that discovery seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

(Doc. 50, at 2) Notwithstanding this objection, defendants responded to the foregoing interrogatories as follows:

>    10. Correctional Officer Mark Sullivan was subsequently terminated for misconduct which did not involve the plaintiff, Angel Muniz.
>
>    11. Investigation was conducted by an independent investigator. No criminal charges were filed. The investigation concluded that the charges of misconduct, unrelated to the plaintiff, Angel Muniz, were founded. An incident occurred on June 10, 2010, involving Resident Arndt. There were no known witnesses. Medical staff on duty on June 10 were medical staff employed by PrimeCare. There was no law enforcement involvement.
>
>    20. Objection on the ground that the information sought would not relate to the incident involving the plaintiff, Angel Muniz and seeks information which is not relevant to this action or likely to lead to the discovery of admissible evidence.

(Doc. 50, at 3) In essence, defendants contend that these answers are sufficient, and maintain that they should not be required to provide further responses, in particular because the discovery sought relates to Mark Sullivan, who at this point has not properly been made a party to this action. Additionally, defendants assert that the discovery sought is inappropriate because even if a subsequent incident occurred involving another inmate and Mr. Sullivan, any evidence of such an incident would be inadmissible under Rule 404 of the Federal Rules of Evidence. Additionally, defendants argue that plaintiff has not clearly articulated a claim for municipal liability against the county, or for supervisory liability against the warden or deputy

warden at the prison, and therefore discovery requests regarding other incidents of excessive force that might show a pattern of misconduct is inappropriate and unwarranted.

## III. DISCUSSION

### A. Rule 26, the Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Muniz's motion, and the defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A

court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Applying these benchmark standards, we now turn to the Mr. Muniz's interrogatories seeking information from defendant Berdanier about any investigations that led to the termination of Mr. Sullivan's employment, including investigations into incidents involving Mr. Sullivan arising shortly after the alleged use of excessive force. Additionally, Mr. Muniz requested information about whether any other victim of assault by Mr. Sullivan pressed criminal charges, filed grievances, or commenced legal proceedings as a result. Although Defendants provided some responsive

information to these interrogatories, they have declined to provide any further detail, particularly with respect to any information regarding whether any other inmates at the Schuylkill County Prison had brought grievances or otherwise initiated criminal or civil legal proceedings arising out of an incident involving Mark Sullivan that occurred subsequent to May 28, 2010.

Defendants' initially have resisted providing more fulsome responses to interrogatory numbers 10, 11, and 20 than those already provided on the grounds that the information sought is not relevant to Mr. Muniz's claims made in this case. With respect to the defendants' relevance objection, we believe that the defendants may misconstrue both the standards that govern discovery and those that control admissibility of other acts evidence in federal cases. The scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined broadly. Thus, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence". On the showing made by the parties, and their respective arguments, we conclude that the information that Mr. Muniz seeks regarding other incidents involving Mark Sullivan and allegations or investigations into Mr. Sullivan's conduct as a corrections officer at the prison subsequent to May 28, 2010, could conceivably be relevant to Mr. Muniz's claims in this litigation within the scope of Rule 26(b)(1).

As we understand it, Muniz may be seeking information concerning other claimed episodes of excessive force by Mark Sullivan in order to establish a pattern of behavior by the defendants, a pattern that would allow a fact-finder to infer a motive and intent, and a pattern that would rebut any claim of mistake or innocent error. If this is the basis for his request, then the request may, in fact, "lead to the discovery of admissible evidence" in this case. The Court's findings in this regard are unchanged by defendants' assertion that plaintiff has yet to properly serve Mr. Sullivan, and defendants have not persuasively explained why discovery of this information, to the extent relevant, should be precluded simply because it relates to Mr. Sullivan who has yet to respond to the allegations in this case.

Furthermore, we find that on the current record we are unable to accept defendants' blanket assertion that discovery of any information regarding subsequent incidents involving Mr. Sullivan should be prohibited on the grounds that Rule 404 of the Federal Rules of Evidence may potentially preclude the admission of this evidence at trial. Likewise, we disagree that plaintiff should necessarily be prevented from discovering information about allegations of excessive force or misconduct that may have led to grievances, legal proceedings, and Mr. Sullivan's termination in the summer of 2010.

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of other acts evidence and provides as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…." Fed. R. Evid. 404(b). With respect to the admissibility of Rule 404(b) other act evidence:

> While . . . Rule 404(b) is "construed as a rule of inclusion rather than exclusion," United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.1988) (internal quotation marks omitted), [the courts] have also cautioned that the . . . reasons for introducing prior bad acts evidence may be a combination of showing a "consequential fact as well as … impugn [ing a party's] character." United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994) (quoting United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992)). Therefore, "when evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that the [party] has the propensity to commit the [act] charged." United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994) (citing Jemal, 26 F.3d at 1272).

United States v. Lindsay 339 F. App'x 268, 272 (3d Cir. 2009).

In this case, given the fact that Rule 404(b) is defined as a "rule of inclusion", there may well be information arising out of incidents involving Mr. Sullivan and other inmates at the Schuylkill County Prison subsequent to May 28, 2010, which

would be admissible under the Rule as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…." Fed. R. Evid. 404(b). However, no judgment on the relevance and admissibility of this evidence is possible in the abstract, and any assessment of these issues involves a multi-faceted and fact-specific analysis of both the proffered evidence and the party's claims. Recognizing that any responsive information that defendants may provide could arguably contain discoverable material, we note that in the past courts have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06-1751, 2007 U.S. Dist. LEXIS 91191, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an in camera review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06-1751, 2008 U.S. Dist. LEXIS 54636, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008); see also Whetstone v. Bohinski, No. 08-2306, 2010 U.S. Dist. LEXIS 19346, *15-16 (M.D. Pa. Mar. 3, 2010).

This is the course we will adopt here. We will direct the defendants to provide to the Court for its *in camera* inspection any further responsive answers and information that they may have with respect to Interrogatory Nos. 10, 11, and 20, other than the information provided in the responses to date. Armed with this

information the Court can determine: (1) whether this information is relevant to the issues raised in this case; and (2) to what extent, in what format, and under what conditions it may be released to the Plaintiff.

**IV.   ORDER**

Accordingly, for the reasons explained above, IT IS HEREBY ORDERED THAT:

1. With respect to plaintiff's motions to compel (Docs. 36, 38), plaintiff shall file a brief in support of these motions on or before **Wednesday, November 30, 2011**. Provided that plaintiff files a timely brief in support of the motions in accordance with this Order, further briefing in opposition to and further support of the motion will be permitted in accordance with Rules 7.6, 7.7, an 7.8 of the Local Rules of this Court. In the event plaintiff fails to file briefs in support of these motions in accordance with this Order, the motions will be deemed withdrawn without further notice, in accordance with Local Rule 7.5.

2. With respect to plaintiff's motion to compel defendant Berdanier to provide further responses to Interrogatory Nos. 10, 11, and 20 (Doc. 38), defendant Berdanier shall provide for the Court's *in camera* inspection any further responsive information to these three interrogatories on or

before **Wednesday, November 30, 2011**. Once the Court has an opportunity to review this further responsive information, the Court will be able more accurately to determine: (1) whether this information is relevant to the issues raised in this case; and (2) to what extent, in what format, and under what conditions it may be released to the plaintiff.

3. To the extent that plaintiff seeks any further relief in his motion to compel defendant Berdarnier to provide further answers to Interrogatory Nos. 10, 11, and 20, including any claim for monetary sanctions, the motion is denied.

                                                **/s/ Martin C. Carlson**
                                                Martin C. Carlson
                                                United States Magistrate Judge

Dated: November 16, 2011