**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGEL MUNIZ, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 3:10-CV-2635 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| C.O. SULLIVAN, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

In this civil action, plaintiff Angel Muniz, a former inmate incarcerated at the Schuylkill County Prison, has sued a number of the prison's correctional officers, alleging that they used or facilitated the use of excessive force against him on May 28, 2010.[1] Plaintiff has filed three separate motions seeking to compel Defendants to produce discovery in this case. (Docs. 36, 38, and 39.)

---

[1] Defendants include Correctional Officers Eugene Berdanier, Tim Doyle, Brian Gotshall, Frank Hannis, Michael Menne, David Wapinsky, Jack Yeager, and Mark Sullivan. Counsel has entered an appearance on behalf of all defendants with the exception of C.O. Mark Sullivan. With respect to this last defendant, counsel has represented that at the time of service, Mark Sullivan was no longer employed at the prison, and had enrolled on active duty with a branch of the United States military, stationed at Fort Jackson, South Carolina. It is unclear whether Plaintiff has served Mr. Sullivan in a manner authorized under Rule 4 of the Federal Rules of Civil Procedure. To date, no counsel for Mr. Sullivan has entered an appearance in this action, and Mr. Sullivan has not responded to the complaint and allegations against him.

The Court entered an order setting forth a briefing schedule with respect to each of the motions. (Doc. 40.) Notwithstanding this order, Plaintiff has only filed one brief that appears to be offered only in support of his motion to compel Defendant Berdanier to respond more fully to Interrogatory Nos. 10, 11, and 20 that were propounded upon him. (Doc. 39, 45.) Defendants have filed a brief opposing this particular motion (Doc. 50). On November 7, 2011, Plaintiff filed a reply brief in further support of his motion to compel Defendant Berdanier's responses to the interrogatories. (Doc. 54.) The Court subsequently entered an order directing the defendants to produce additional responsive documents for in camera review. (Doc. 55.)

Defendants complied with this order and submitted the documents for the Court's review. Following our review of these materials, we conclude that the documents are not relevant to the claims that Muniz has brought in this action, as we find that they are comprised of investigative documents relating to an incident that occurred subsequent to the events alleged in the complaint, and the documents do not otherwise appear reasonably likely to lead to the discovery of other admissible evidence in this action. Accordingly, we conclude that the information that Defendants have furnished to Plaintiff with respect to Interrogatory Nos. 10, 11, and 20 directed to Defendant Berdanier are sufficiently responsive to these discovery

requests, and we will not compel a further response.

Turning to Plaintiff's remaining motions to compel, we note that Plaintiff has not filed a brief supporting either motion, notwithstanding having been directed to do so. (Doc. 40.) Accordingly, we entered a subsequent order instructing Plaintiff to file supporting briefs not later than November 30, 2011, or the motions would be deemed withdrawn. (Doc. 55.) However, the Court has received notice that Plaintiff is no longer housed at the Manhattan Correctional Center in New York, the last address that the Court had on file with respect to Plaintiff's custody. (Docs. 53, 56.) To date, Plaintiff has not provided the Court with a current mailing address, and the Court is thus unable to communicate its orders to Plaintiff. To the extent Plaintiff persists in failing to notify the Court regarding his whereabouts, this action may ultimately be subject to dismissal for failure to prosecute. However, because Plaintiff had previously demonstrated diligence in communicating with the Court, we do not find that this action should be dismissed at this time. However, because Plaintiff has not filed a brief in support of two of the motions to compel, and we find that these motions have now been withdrawn, and they will be denied without prejudice.

## II.     SUMMARY OF THE PENDING MOTION (Doc. 39)

As noted, the gravamen of Plaintiff's complaint is that the defendants subjected

him to excessive force during an incident at the prison on May 28, 2010. Plaintiff has also alleged that Defendant Mark Sullivan was later terminated for misconduct, and Plaintiff has suggested that Defendant Sullivan had a history of using excessive force against inmates at the prison. Accordingly, as part of his discovery requests, Plaintiff propounded interrogatories on Defendant Berdanier specifically seeking information about investigations into allegations against Mark Sullivan's conduct while he was employed at the prison, including the results of any formal investigation into allegations that Mr. Sullivan had assaulted inmates.

Although Defendant Berdanier provided some information in response, Defendants resisted responding fully to some of the requests, arguing either that the discovery was irrelevant, sought information about an individual who has not properly been made a party to this action, or otherwise sought evidence that would be inadmissible at trial. (Doc. 50.)

In the pending motion, Plaintiff seeks to compel further responses to the following interrogatories:

    10.    In the reprimand/firing of Mark Sullivan what did your Investigation reveal?

    11.    Who were victim, witnesses, medical staff and Law enforcement involved with the assault by Mark Sullivan on inmate in medical cell on

> June or July 2010?
>
> 20. Did the victim of the assault by Sullivan when he was reprimanded/fired, file criminal charges, grievances, lawsuit?

Defendants have objected to these interrogatories directed at Defendant Berdanier

> to the extent the discovery sought relates to parties who have not been served with a complaint, individuals who are not parties to this action or instances other than the May 28, 2010 incident which is the subject matter of this action on the ground that discovery seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

(Doc. 50, at 2.) Notwithstanding this objection, Defendants responded to the foregoing interrogatories as follows:

> 10. Correctional Officer Mark Sullivan was subsequently terminated for misconduct which did not involve the plaintiff, Angel Muniz.
>
> 11. Investigation was conducted by an independent investigator. No criminal charges were filed. The investigation concluded that the charges of misconduct, unrelated to the plaintiff, Angel Muniz, were founded. An incident occurred on June 10, 2010, involving Resident Arndt. There were no known witnesses. Medical staff on duty on June 10 were medical staff employed by PrimeCare. There was no law enforcement involvement.
>
> 20. Objection on the ground that the information sought would not relate to the incident involving the plaintiff, Angel Muniz and seeks information which is not relevant to this action or likely to lead to the discovery of admissible evidence.

(Doc. 50, at 3.) In essence, Defendants contend that these answers are sufficient, and maintain that they should not be required to provide further responses, in particular because the discovery sought relates to Mark Sullivan, who at this point has not properly been made a party to this action. Additionally, Defendants assert that the discovery sought is inappropriate because even if a subsequent incident occurred involving another inmate and Mr. Sullivan, any evidence of such an incident would be inadmissible under Rule 404 of the Federal Rules of Evidence. Additionally, Defendants argue that Plaintiff has not filed a claim for municipal liability against the county, or for supervisory liability against the warden or deputy warden at the prison, and therefore discovery requests regarding other incidents of excessive force that might show a pattern of misconduct is inappropriate and unwarranted.

Nevertheless, Defendants complied with this Court's order directing them to submit additional documents to the Court for in camera review. Following review of those materials, we conclude that the documents are not properly discoverable in this case as they are not relevant to the claims that Plaintiff has brought in this action, and we do not find that they are reasonably likely to lead to the discovery of other admissible evidence. We further agree with Defendants that the information contained in these materials would not properly be admissible under Rule 404 of the Federal Rules of Evidence. Accordingly, Plaintiff's motion will be denied.

## III. DISCUSSION

### A. Rule 26, the Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Muniz's motion, and the defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Applying these benchmark standards, we now turn to the Mr. Muniz's interrogatories seeking information about any investigations that led to the termination of Mr. Sullivan's employment, including investigations into incidents involving Mr. Sullivan arising one or two months after the alleged use of excessive force. Additionally, Mr. Muniz requested information about whether any other victim of assault by Mr. Sullivan pressed criminal charges, filed grievances, or commenced legal proceedings as a result. Although Defendants provided some responsive information to these interrogatories, they have declined to provide certain documents relating to internal investigations that occurred at the prison subsequent to the events alleged in the complaint.

In our prior order, we declined to find that Plaintiff was absolutely foreclosed

from discovering this information, but we instead directed Defendants to submit potentially responsive documents to the Court for in camera review so that we could determine whether the documents were properly discoverable in accordance with Rule 26(b)(1), and to consider whether the investigative materials might ultimately be admissible pursuant to Rule 404(b) of the Federal Rules of Evidence.

Rule 404(b) governs the admissibility of other acts evidence and provides as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…." Fed. R. Evid. 404(b). With respect to the admissibility of Rule 404(b) other act evidence:

> While . . . Rule 404(b) is "construed as a rule of inclusion rather than exclusion," United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.1988) (internal quotation marks omitted), [the courts] have also cautioned that the . . . reasons for introducing prior bad acts evidence may be a combination of showing a "consequential fact as well as … impugn [ing a party's] character." United States v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994) (quoting United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992)). Therefore, "when evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that the [party] has the propensity to commit the [act] charged." United States v. Himelwright, 42 F.3d 777, 782

(3d Cir. 1994) (citing <u>Jemal</u>, 26 F.3d at 1272).

<u>United States v. Lindsay</u> 339 F. App'x 268, 272 (3d Cir. 2009).

In this case, given the fact that Rule 404(b) is defined as a "rule of inclusion", we initially found that there might be information arising out of incidents involving Mr. Sullivan and other inmates at the Schuylkill County Prison subsequent to May 28, 2010, which would be admissible under the Rule as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…." Fed. R. Evid. 404(b).  However, we observed that no judgment on the relevance and admissibility of this evidence was possible in the abstract, as any assessment of these issues involves a multi-faceted and fact-specific analysis of both the proffered evidence and the party's claims.

Recognizing that any responsive information that Defendants may provide could arguably contain discoverable material, we noted that in the past courts have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, <u>see</u> <u>Paluch v. Dawson</u>, No. 06-1751, 2007 U.S. Dist. LEXIS 91191, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. <u>Paluch v. Dawson</u>, No. 06-175, 2008 U.S. Dist. LEXIS 54636, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008); <u>see also</u>

Whetstone v. Bohinski, No. 08-2306, 2010 U.S. Dist. LEXIS 19346, *15-16 (M.D. Pa. Mar. 3, 2010).

We adopted that course in this case, and directed the defendants to provide to the Court for its *in camera* inspection any further information that they may have with respect to Interrogatory Nos. 10, 11, and 20, other than the information provided in the responses to date. Following our review of the materials that Defendants furnished to the Court, we agree with Defendants that this information is not relevant to Plaintiff's claims in this case, and is not reasonably likely to lead to the discovery of other admissible evidence. In this regard, we are now further satisfied that the documents fall outside of Rule 404's ambit, and we conclude that requiring Defendants to release some or all of this sensitive information would be improper and unwarranted given the lack of relevance in this case and the sensitive nature of the information itself.

## IV.  **ORDER**

Accordingly, for the reasons explained above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's unsupported motions to compel (Docs. 36, 38) these motions are deemed withdrawn pursuant to Local Rule 7.5, and are DENIED without prejudice.

2. With respect to Plaintiff's motion to compel Defendant Berdanier to provide further responses to Interrogatory Nos. 10, 11, and 20 (Doc. 39), the motion is DENIED.

                                        /s/ Martin C. Carlson
                                        Martin C. Carlson
                                        United States Magistrate Judge