# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL MUNIZ, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:10-CV-2635 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| C.O. SULLIVAN, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

In this action, Plaintiff Angel Muniz, proceeding *pro se*, has brought claims under 42 U.S.C. § 1983 against a number of current and former guards and officials at the Schuylkill County Prison, alleging that during his incarceration at the prison he was subjected to violent assaults and incidents of excessive force in violation of the Eighth Amendment.

Now pending before the Court is the Plaintiff's motion to amend his complaint to include claims for supervisory liability against Warden Gene Berdanier and Deputy Warden David Wapinsky, alleging supervisory liability and deliberate indifference for their alleged role in acquiescing in the alleged conduct of subordinate prison staff. (Doc. 63)  Defendants have opposed the motion, arguing, *inter alia*, that the Plaintiff's proposed amendment is futile because it fails to allege personal

involvement on the part of either Berdanier or Wapinsky, and because there can be no *respondeat superior* liability under 42 U.S.C. § 1983. (Doc. 66)   In his reply brief, the Plaintiff attempts to explain, in part, the basis for including supervisory liability claims against Berdanier and Wapinsky, and cites to caselaw explaining how and when a supervisor may properly be liable for knowing of and acquiescing in constitutional violations.

Upon consideration, Plaintiff's motion to amend his complaint will be granted, but without prejudice to the supervisory defendants later challenging the sufficiency of the amended complaint through a pre-trial motion under Rule 12 or Rule 56 of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

Decisions regarding motions to amend pleadings rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. See, e.g., Bjorgung v. Whitetail Resort, L.P., 550 F.3d 263 (3d Cir. 2008); Cureton v. NCAA, 252 F.3d 267 (3d Cir. 2001).   That discretion, however, is governed by certain basic principles, which are embodied in Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that a party may amend his pleading once as a matter of course within 21 days after serving it, or within 21 days of a responsive pleading or a motion filed under Rule 12(b) of the Federal Rules of Civil Procedure.   Fed. R. Civ. P.

15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In accordance with this rule, and because the Defendants had previously answered the Complaint (Doc. 21), Muniz properly sought leave of court to amend his complaint, and to do so for the limited purpose of clearly making a claim of supervisory liability against Defendants Berdanier and Wapinsky. We do not find any basis to conclude that Muniz unreasonably delayed seeking to amend the Complaint, or that his efforts to amend were motivated by bad faith or to prejudice the opposing parties. See Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984).

Instead, the Defendants urge the Court to deny Muniz leave to amend by arguing that his proposed amendments would be futile. An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The Defendants argue that the proposed amendments would be futile because the claims against Berdanier and Wapinsky are predicated solely upon a theory of respondeat superior, and because the amended complaint fails to set forth a sufficient factual or legal basis to impose liability against Berdanier or Wapinsky.

Although the amended complaint is a relatively spare document, we cannot say at this time that Muniz has absolutely failed to state a claim upon which relief could be granted. Muniz, who is proceeding *pro se* in this litigation, has endeavored to explain the nature of his claims against all Defendants, including the claims against officers who were allegedly involved in assaultive conduct, and to explain how he notified Warden Berdanier and Deputy Warden Wapinsky on multiple occasions that guards at the prison were using excessive force against him, but they did nothing in response. (Doc. 63)

Furthermore, we do not share Defendants' view that Muniz is simply attempting to include a claim for *respondeat superior* liability. It is true that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009). However, "[l]iability based on respondeat superior arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

In this case, it does not appear that Muniz is seeking to hold Berdanier and Wapinsky liable solely on the basis of an employer-employee relationship, but instead

4

because these individual supervisors allegedly were placed on notice of the violent, assaultive conduct of their subordinates, and acquiesced in the conduct. The Third Circuit has explained that "a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004); see also Santiago, 629 F.3d at 129 (finding that a claim that a supervisor acquiesced in his subordinates' violations "seeks a species of supervisory liability, . . . not respondeat superior liability" and thus was not subject to dismissal solely on the basis that the plaintiff seeks to impose *respondeat superior* liability).

Because we disagree with the principle basis on which the Defendants object to the Plaintiff's proposed amended complaint – futility –  we will permit the amended complaint to be filed and will direct the Defendants to respond. To the extent that the Defendants believe the pleading fails to satisfy the pleading standards applicable under Rule 8 of the Federal Rules of Civil Procedure, or that it fails to state a claim, they may seek dismissal of the claims through a properly filed motion brought under Rule 12(b) of the Federal Rules of Civil Procedure.[1]

---

[1] We recognize that Defendants also take issue with the sufficiency of the facts alleged in the amended complaint.  Defendants will be permitted to raise this issue in any preliminary dispositive motion they may elect to file, to which

### III. **ORDER**

Accordingly, for the reasons set forth above, Plaintiff's motion for leave to amend the complaint (Doc. 63) is GRANTED. The Clerk of Court shall docket the amended complaint (Doc. 63, Exhibit) as a separate entry on the docket of this action. Defendants shall answer or otherwise respond to the amended complaint in accordance with the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

> */s/ Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge

Dated: March 1, 2012

---

Plaintiff will thereafter have an opportunity to respond, or otherwise to seek further leave to amend, and clarify, the factual basis for his allegations of supervisory liability.