**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGEL MUNIZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-10-2635 |
| v. | (JUDGE CAPUTO) |
| C.O. SULLIVAN, et al., | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 76) and Magistrate Judge Carlson's Report and Recommendation (Doc. 77) recommending that the case be listed for trial. The parties have not objected to the Magistrate Judge's recommendation to list this case for trial. Therefore, the case will be placed on the January 2013 trial list.

As to the motion for appointment of counsel, Plaintiff requests that the court appoint counsel to represent him at trial. In opposing Plaintiff's request, Defendants argue that this case is not overly complex and Plaintiff has already established that he is capable of presenting clear arguments to the Court. As such, Defendants assert that appointment of counsel is not warranted in this action.

This civil rights action filed under 42 U.S.C. § 1983 relates to events which occurred at Schuylkill County Prison on May 28, 2010. Plaintiff claims that Defendants used excessive force against him in violation of his constitutional rights. For the reasons set forth below, the Court will conditionally grant Plaintiff's motion to appoint counsel.

### Standard

A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n. 1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. §

1915(e)(1), which only provides that the court "may request an attorney to represent any person unable to afford counsel," not that the court can order the attorney to do so.  The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1977).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel for a *pro se* litigant, *Montgomery*, 294 F.3d at 4498, and the decision can be made at any point in the litigation. *Id*. at 503–04.  As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155.  If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing pro bono counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155–56, 157 n.5.

**Discussion**

This *pro se* case will be listed on the January 2013 trial list.  Plaintiff has represented himself to this point.  His filings to date have been articulate, complete with legal citation, lucid and logical.  Plaintiff has successfully defended against the corrections Defendants' motion to dismiss or, in the alternative, motion for summary judgment, so as to preserve his claim for excessive force. Furthermore, he has successfully filed a motion to amend his complaint during the course of this litigation.  Nevertheless, as this case approaches trial, the Court agrees with Plaintiff that counsel should be appointed if one will agree to serve.

This decision is based on Plaintiff's "education, literacy, prior work experience, and

2

prior litigation experience." *Tabron*, 6 F.3d at 156.  While Plaintiff, proceeding *in forma pauperis*, has demonstrated an ability to represent himself on paper when given sufficient time to do so and research opportunities, he does not have the ability to properly present this case at trial.  While the remaining legal issues are not complex, the Court is satisfied that Plaintiff needs counsel in order to pursue and present them at trial.  Furthermore, it appears that extensive additional discovery will not be necessary in this matter, delaying these proceedings further, as Plaintiff has had the opportunity to utilize the various discovery tools made available to him via the Federal Rules of Civil Procedure.  However, it may well be that he will need an expert(s) to opine as to the extent of his injuries and the cause of those injuries.  Whether or not such opinion can be obtained is unknown, but, the Court views the need for Plaintiff to explore this possibility as essential to the presentation of his case at trial.  In this respect, counsel would be a necessary ingredient in assisting Plaintiff in the preparation of this aspect of his case.  Plaintiff should have the opportunity to determine whether he can secure medical and/or other expert opinion evidence, and the necessary and appropriate way to do so is through appointment of counsel.

M.D. Local Rule 83.34.6 provides that a court appointed pro bono attorney may seek reimbursement of costs not to exceed a limit established by Standing Order, which at present is $1,500.00 (S.O.05–05).  An expert's fee would qualify as an expense for which reimbursement may be sought under this Local Rule.

Next, the Court examines whether or not this case is likely to turn on credibility terminations.  The Court is convinced that Plaintiff cannot handle this aspect of the case.  Counsel is necessary for the cross examination of witnesses, as this case will involve conflicting testimony, and counsel would be in a better position to cross examine Defendants' witnesses.  Thus, this factor also weighs in favor of appointment of counsel.

The final *Tabron* factor for consideration is Plaintiff's ability to afford counsel. It is

3

clear from the record that Plaintiff cannot afford counsel. Moreover, based on Plaintiff's motion and the exhibits attached thereto, Plaintiff actively sought counsel through the Pennsylvania Institutional Law Project. His efforts, however, were unsuccessful.

After analysis of the *Tabron* factors, I find the conditional appointment of counsel in the present case is warranted. Based on the above, the Court finds that Plaintiff simply cannot present his case at trial without the assistance of counsel. He may also need a medical or other expert witness with respect to connecting his injuries to the alleged incident. And, counsel is necessary for the proper examination of defendants' witnesses at trial as well as the presentation of witnesses on his own behalf. Given the nature of his claims, and the above cited reasons, these factors all point to the conditional appointment of counsel in this case.

## Conclusion

Accordingly, Plaintiff's motion for counsel will be conditionally granted. If counsel cannot be found to represent Plaintiff, the conditional order for appointment of counsel will be revoked.

Plaintiff is advised that if the Court is unable to appoint counsel in this matter, he will be required to proceed with his case without counsel.

An appropriate order follows.

September 13, 2012  /s A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge